IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)

| | |
|---|---|
| OCEANA INNOVATIONS LLC, § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. 6:20-cv-432 |
| v. § | |
| § | JURY TRIAL DEMANDED |
| CHARTER COMMUNICATIONS, INC. § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Oceana Innovations LLC ("Oceana" or "Plaintiff") files this Original Complaint against Defendant Charter Communications, Inc. ("Charter" or "Defendant") for infringement of U.S. Patent No. 6,508,678 ("the '678 patent" or "the patent-in-suit").

**THE PARTIES**

1. Oceana is a Texas limited liability company with its principal place of business located in Dallas, TX.

2. Upon information and belief, Defendant is a Delaware corporation having a place of business at 400 Atlantic Street, 10th Floor, Stamford, Connecticut 06901. Charter is registered to do business in Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th St, Suite 620, Austin Texas 78701.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement (including making, using, offering to sell and/or selling infringing products) in this District and has a regular and established place of business in this District. Defendant transacts business in this District, including from its facilities located at 215 Factory Drive, Waco, Texas 76710.

6.      Defendant is subject to personal jurisdiction pursuant to due process due at least to its substantial business in this State, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Defendant has conducted and regularly conducts business within the United States and this District. Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. Defendant has sought protection and benefit from the laws of the State of Texas by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

7.      On information and belief, Defendant has significant ties to, and presence in, this District, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

8.      The '678 patent is titled "Electrical Connector Assembly." The inventions claimed in the patent-in-suit generally relate to new and novel assemblies for coupling cabling to an electronic device.

9. The '678 patent lawfully issued on January 21, 2003, and stems from Application No. 09/653,129, which was filed on August 31, 2000. The named inventor on the patent-in-suit is Sheng-Ho Yang. A copy of the '678 patent is attached hereto as Exhibit A.

10. Each asserted claim in the patent-in-suit is presumed valid. The '678 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11. Plaintiff is the owner of the '678 patent with all substantial rights to the '678 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

12. Defendant has knowledge of the patent-in-suit at least based on a letter sent to Defendant by Oceana's counsel, a copy of which is attached hereto as Exhibit B. Oceana's letter to Charter included the claim chart attached hereto as Exhibit C.

## COUNT I
### (Infringement of U.S. Patent No. 6,508,678)

13. Plaintiff incorporates paragraphs 1 through 12 herein by reference.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

15. Defendant has, and continues to, infringe one or more claims of the '678 patent in this judicial district and elsewhere in Texas and the United States.

16. Defendant has, and continues to, either by itself or via an agent, infringe claims of the '678 patent (including for example claim 1) by, among other things, making, selling, offering for sale, using, and/or importing systems that include an electronic device with one or more HDMI Type A connectors and an HDMI cable (the "Accused Systems"), including (for example) cable receivers such as the Spectrum100-h and Spectrum200-h.

17. The claim chart attached as Exhibit C illustrates how Accused Systems infringe the '678 patent.[1]

18. Defendant is liable for its infringements of the '678 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))**

19. Defendant has, and continues to, indirectly infringe one or more claims of the '678 patent by inducing direct infringement by end users of the Accused Systems.

20. Defendant has had knowledge of the '678 patent and its infringements since at least as April 27, 2020, when Defendant received a copy of the letter attached hereto as Exhibit B and the claim chart attached hereto as Exhibit C detailing infringing use of Charter devices.

21. Despite having knowledge of the '678 patent and its infringements, Defendant has specifically intended for persons, including end users of Defendant's products (e.g., Spectrum100-H/200-H receivers), to make and use Accused Systems by acquiring and using Charter devices in a way that infringes the '678 patent, including at least claim 1, and Defendant knew or should have known that its actions were inducing infringement.

22. Defendant instructs and encourage users to make and use the Accused Systems in a manner that infringes the '678 patent. For example, Defendant provides quick start guides and other instructional materials that encourage and instruct users to make and use the Accused Systems by connecting an HDMI cable to a Charter streaming device and/or television. *See, e.g.,* Manufacturer's Start Guide Spectrum100-H/Spectrum200-H, *available at*

---

[1] The chart attached as Exhibit C is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

https://d15yx0mnc9teae.cloudfront.net/sites/default/files/sup_spectrum_worldbox_100_200_quickStart-1465322682.pdf.

23. Defendant is liable for inducing infringement of the '678 patent pursuant to 35 U.S.C. § 271(b).

**INDIRECT INFRINGEMENT (CONTRIBUTORY INFRINGEMENT - 35 U.S.C. §271(c))**

24. Defendant has, and continues to, indirectly infringe one or more claims of the '678 patent by contributing to direct infringement by end users of the Accused Systems.

25. Defendant has had knowledge of the '678 patent and that end users of Charter devices directly infringe the '678 patent since as April 27, 2020, when Defendant received a copy of the letter attached hereto as Exhibit B and the claim chart detailing infringing use of Charter devices attached hereto as Exhibit C.

26. Despite having knowledge of the '678 patent and infringing use of the Accused Systems by its customers, Defendant has, and continues to, contribute to infringement of the '678 by selling devices that include an HDMI Type A connector (e.g., Spectrum100-H/200-H receivers). As illustrated by Exhibit C hereto, these connectors constitute a material part of the invention claimed by the '678 patent.

27. The HDMI Type A connector(s) included with Charter devices are not a staple article or commodity of commerce suitable for non-infringing use. Such connectors are intended to, and can only be, used to make the disclosed and claimed "electrical connector assembly."

28. Defendant is liable for contributing to infringement of the '678 patent pursuant to 35 U.S.C. § 271(c)

29. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates

Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (Willful Infringement)

30. Plaintiff incorporates paragraphs 1 through 29 herein by reference.

31. Prior to the filing of this action Defendant was aware of the '678 patent.

32. As detailed above, Oceana sent Defendant a claim chart detailing Defendant's infringement of the '678 patent.

33. Defendant has been, or should have been, aware of its infringement of the '678 patent since at least its receipt and review of the Oceana's pre-suit letter.

34. On information and belief, despite being aware of the '678 patent and its infringement of the '678 patent, Defendant has not changed or otherwise altered its products or its practices in an effort to avoid infringing the '678 patent; nor has Defendant sought to take a license to the '678 patent. Rather, despite having notice of the '678 patent, Defendant has, and continues to, infringe the '678 patent, directly and/or indirectly, in disregard to Plaintiff's patent rights.

35. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '678 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## **JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '678 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of the '678 patent have been willfully infringed by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this case be found exceptional under the provisions of 35 U.S.C. § 285 and award Plaintiff enhanced damages; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: May 28, 2020 | Respectfully submitted,<br><br>/s/*Robert D. Katz*<br>Robert D. Katz<br>Texas Bar No. 24057936<br>KATZ PLLC<br>6060 N. Central Expressway, Suite 560<br>Dallas, TX 75206<br>214-865-8000<br>888-231-5775 (fax)<br>rkatz@katzfirm.com<br><br>Ryan Griffin (*admission pending*)<br>Texas Bar No. 24053687<br>GRIFFIN LAW PLLC<br>312 W 8th Street<br>Dallas, TX 75208<br>214.500.1797<br>ryan@griffiniplaw.com<br><br>Attorneys for Plaintiff<br>**OCEANA INNOVATIONS LLC** |